# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CASEY FLOYD HYRE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CORNELIUS PITTEN, *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 1:21-00018-JB-N |

## REPORT AND RECOMMENDATION

Plaintiff, William Casey Floyd Hyre, who is proceeding without counsel (*pro se*), commenced this civil action by filing a complaint with the Court. *See* (Doc. 1); Fed. R. Civ. P. 3. The assigned District Judge referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (1/8/2021 electronic reference).

By order dated and entered April 21, 2021 (Doc. 8), following *sua sponte* review of the complaint, the undersigned explained to Hyre that his complaint failed to clearly allege a basis for the Court exercising subject-matter jurisdiction over his claims, and that his complaint was also an impermissible "shotgun pleading" that failed to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. The undersigned ordered Hyre to file an amended complaint correcting these deficiencies no later than May 12, 2021, warning him that failure to do so could result in dismissal of his case. (*See id.*).

After reviewing the various items Hyre filed in response to the April 21 order, the undersigned, by order dated and entered May 17, 2021 (Doc. 13), advised Hyre that none of those fillings cured the defects explained in the April 21 order. The undersigned gave Hyre one final opportunity to file an amended complaint curing those defects no later than June 1, 2021, again advising him that his failure to do so could result in dismissal of his action. (*See id.*). To date, Hyre has filed nothing in response to the Court's May 17, 2021 order. Accordingly, the undersigned finds that this action is due to be **DISMISSED without prejudice**.

## I. *Analysis*

### A. **Subject-Matter Jurisdiction**

"It is . . . axiomatic that the inferior federal courts[,]" such as this district court, "are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also* Fed. R. Civ. P. 8(a)(1) (a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction…"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted). Pro se litigants are also required to conform to procedural rules. *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011)

> Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden … to allege with sufficient particularity the facts creating jurisdiction …." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

The complaint names as defendants the University of South Alabama, Cornelius Pillen, Shelly Chesney, Tony Waldrop, and "Mayor Office." (Doc. 1, PageID.1-2). Hyre checks boxes claiming subject matter jurisdiction based on both federal question and diversity of citizenship. (*Id.*, PageID.3). Under § 1332(a), a district court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). However, a complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include

the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here, while Hyre seeks more than $75,000 in damages exclusive of interests and costs, and alleges that he is a citizen of Alabama, he does not allege the citizenships of any of the defendants. The University of South Alabama cannot be sued under diversity jurisdiction. Noting "it is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332[,]" the Eleventh Circuit has held that the University "is an instrumentality of the state, not a citizen of the state of Alabama, for the purpose of diversity jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 412. The "Mayor Office" – presumably of Mobile, Alabama, where South Alabama is located – would also be considered an Alabama citizen. Moreover, as the natural person defendants appear to be South Alabama employees or affiliates, it is likely that at least one of them is an Alabama citizen. Thus, subject-matter jurisdiction cannot be based on diversity of citizenship.

As for federal question jurisdiction, the form complaint asks Hyre to list "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (Doc. 1, PageID.3). In response, Hyre states: "Biased…Telecommunication media militia discrimination…Theft of Data…not allowing due progress of establishment." (*Id.*). None of these allegations clearly indicate jurisdiction based on a specific statutory grant. While some of Hyre's

allegations hint at the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1331,[1] he has not cited any specific federal statute, regulation, or other authority on which his claims are based, and, as will be more fully addressed in the next section of this recommendation, Hyre fails to clearly state what claims or causes of action he is asserting. As discussed above, the law of this Circuit is clear that Hyre bears the burden of clearly demonstrating subject-matter jurisdiction over his claims, and that the Court should not have to guess at the jurisdictional basis for his complaint.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]" 28 U.S.C. § 1653, and "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Accordingly, the undersigned's April 21 order explained the foregoing to Hyre and ordered him to "file an amended complaint that contains 'a short and plain statement of the grounds for

---

[1] For instance, Hyre's claims of "bias" and "discrimination" could refer to federal anti-discrimination statutes, and his reference to "due progress of establishment" could be an attempt to refer to the due process clause of the Fifth and/or Fourteenth Amendment to the United States Constitution, and/or the establishment clause of the First Amendment of "cruel unusual punishment" could be referring to the Eighth Amendment. However, "even if a claim appears to invoke the federal question jurisdiction of the district court, the claim may be dismissed for lack of subject matter jurisdiction if '(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.' " *McQueary v. Child Support Enf't*, 812 F. App'x 911, 913 (11th Cir. 2020) (per curiam) (unpublished) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)) (quotations and emphasis omitted)). Given the "shotgun" nature of Hyre's pleading discussed later in this recommendation, these passing references appear immaterial and made solely for the purpose of obtaining jurisdiction.

the court's jurisdiction,' Fed. R. Civ. P. 8(a)(1), and sufficient allegations demonstrating those grounds." (Doc. 8, PageID.29). In response to the April 21 order, Hyre filed (1) a set of exhibits consisting of printouts of various websites and online communications (Doc. 9), (2) a set of proposed summonses (Doc. 12), (3) notice of a change in his address (Doc. 10), and (3) a one-page handwritten document entitled "Summary in Line of Question from William Casey Floyd Hyre," with copies of pages from various legal texts attached as exhibits (Doc. 11).

However, as was explained in the undersigned's May 17 order, none of those documents cures Hyre's failure to clearly allege a basis for subject-matter jurisdiction. Hyre's handwritten "Summary in Line of Question" "does not clearly assert a basis for subject-matter jurisdiction over this action[,]" and Hyre "cannot, by the simple expedient of submitting various exhibits, shift to the Defendants and the Court the burden of discerning what claims he is asserting and how this Court can exercise subject-matter jurisdiction over them." (Doc. 13, PageID.60). Rather, "it is Hyre's burden to plead those issues in his complaint with sufficient clarity." (*Id.*). When given one more opportunity to clearly allege a basis for subject-matter jurisdiction, Hyre filed nothing else. Accordingly, this action is due to be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

### B. "Shotgun" Complaint

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'

... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations and some quotations omitted). *See also Duty Free Americas*, 797 F.3d at 1262 (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam))).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678).

In addition to Rule 8(a)(2),

Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.
>
> …
>
> Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings."

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Types of "shotgun pleadings" recognized in this Circuit include those that do "not separate[] into a different count each cause of action or claim for relief" and those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (quotation omitted).[2]

---

[2] Courts are permitted, and indeed encouraged, to address such issues *sua sponte*. *See Weiland*, 792 F.3d at 1321 n.10 ("[W]hen a defendant fails to do so, the district court ought to take the initiative to dismiss or strike the shotgun pleading and give

Hyre's complaint is light on well-pleaded factual allegations plausibly suggesting that any of the defendants is liable for the claims asserted. The only reasonably specific piece of factual information he alleges is that "on Jan. 4, 2020, [he] turned in [his] mathematical research to Miss Sherry Chesney with the grad program at the University of South Alabama physics department[,]" and Chesney possibly "refused to pay [him] award money" in June 2020. (Doc. 1, PageID.4). Otherwise, Hyre's allegations are mere "unadorned, the-defendant-unlawfully-harmed-me accusations" insufficient to state a claim. Moreover, Hyre's complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Hyre's complaint also lacks clarity because it fails to separate his claims into different counts and specify the factual allegations giving rise to each.

Accordingly, the undersigned's April 21 order also ordered Hyre to "amend his complaint to satisfy Rules 8(a)(2) and Rule 10(b)[,]" specifying as follows: "[H]is amended complaint must (1) contain a short and plain statement of his claim(s) showing that he is entitled to relief, (2) must state the claim(s) in numbered

---

the plaintiff an opportunity to replead. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ('Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' [sic] failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.'); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ('[W]e note that the district court, acting on its own initiative, should have stricken [the shotgun pleading] and instructed counsel to replead their cases....'). Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket.").

paragraphs, each limited as far as practicable to a single set of circumstances, and (3) must specify which of the defendants are responsible for which acts or omissions, and which of the defendants each claim is brought against. Moreover, [to] promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count." (Doc. 8, PageID.32).

As observed in the undersigned's May 17 order, Hyre's handwritten "Summary in Line of Question" failed to follow any of those directives. (See Doc. 13, PageID.59-60). As for the other items Hyre filed in response to the April 21 order, the undersigned advised that Hyre "cannot, by the simple expedient of submitting various exhibits, shift to the Defendants and the Court the burden of discerning what claims he is asserting[,]" and that "it is Hyre's burden to plead those issues in his complaint with sufficient clarity." (*Id.*, PageID.60). When given one more opportunity to correct the "shotgun" nature of his complaint, Hyre filed nothing else. Accordingly, as an alternative to dismissal for lack of subject-matter jurisdiction, this action is also due to be **DISMISSED without prejudice** *sua sponte* under both Federal Rule of Civil Procedure 41(b) and the Court's inherent power, for failure to obey the Court's prior orders.

## II.   *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of

subject-matter jurisdiction, and alternatively under Federal Rule of Civil Procedure 41(b) and the Court's inherent power for failure to obey the Court's prior orders, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 4th day of June 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.